UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GUY J. ADAMS, individually and on behalf of other similarly situated | * * | |
| Plaintiffs | * * | CIVIL ACTION NO. |
| v. | * * | SECTION " " |
| THE STATE OF LOUISIANA, through the LOUISIANA DEPARTMENT OF NATURAL RESOURCES; BP EXPLORATION & PRODUCTION, INC.; BP PRODUCTS NORTH AMERICA, INC.; BP, P.L.C.; BP AMERICA, INC.; TRANSOCEAN, LTD.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC.; TRANSOCEAN HOLDINGS, LLC; HALIBURTON ENERGY SERVICES, INC.; CAMERON INTERNATIONAL CORPORATION; ANADARKO PETROLEUM CORPORATION; MITSUI OIL EXPLORATION COMPANY, LTD.; MOEX OFFSHORE 2007, LLC, NALCO COMPANY, PENETON COMPANY, AND JMN SPECIALTIES, INC. | * * * * * * * * * * * * * * * * * * * | DIVISION

JUDGE

MAGISTRATE JUDGE |
| Defendants. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, 33 U.S.C. §§ 1331, *et seq.*, and 43 U.S.C. §1331, *et seq.,* Defendant Cameron International Corporation (hereafter "Cameron"), hereby gives notice and removes this case to the United States District Court for the Eastern District of Louisiana.

Cameron respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Background And Applicable Procedural Requirements.**

1. Cameron is named a defendant in the matter styled *Guy J. Adams v. State of Louisiana, et al*, pending in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, Division "B," and bearing the docket number 58-683 ("State Court Action"). A copy of the "Class Action Petition for Damages" filed in the State Court Action is attached to this Notice as Exhibit A ("Plaintiff's Petition").

2. Plaintiff commenced this action by filing this lawsuit in the Parish of Plaquemines on April 20, 2011.

3. Cameron has not yet been served with service of process in this matter.

4. This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b).

**The Outer Continental Shelf Land Act Provides A Basis For Removal.**

5. This case is removable to this Court under the jurisdictional grant set forth in the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq*.

6. The Plaintiff's Petition asserts that this case arises from the April 20, 2010, sinking of the Deepwater Horizon rig. (Plaintiff's Petition, ¶¶ 4-22.) Cases in federal court arising out of this incident have been transferred to Section "J" of this Court and consolidated as a part of a multidistrict litigation. *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 10-MD-2179

7. The jurisdiction grant under OCSLA provides that "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1).

8. OCSLA defines "minerals" as including "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including ... (2) any drilling;" "development" includes "those activities which take place following discovery of minerals in paying quantities, including geophysical activity, drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered." 43 U.S.C. 1331(k), (l).

9. The State Court Action arises out of, and has a connection with, an operation that was conducted on the outer continental shelf within the meaning of 43 U.S.C. § 1331(a) and § 1301(a), and that "involves exploration, development, or the production of minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1).

10. Plaintiff's Petition alleges facts that arise out of the Deepwater Horizon explosion and oil spill, which would not have occurred but for the operations of the Deepwater Horizon on the outer continental shelf. Plaintiffs' Petition, at ¶¶ 1, 4-9.

11. More specifically, the spill occurred on a federal mineral lease held by BP and granted by the U.S. Minerals Management Service ("MMS") that allows BP to drill for oil and perform oil-production-related operations at the Macondo site in Mississippi Canyon Block

252 section of the outer continental shelf in the Gulf of Mexico. That lease is situated wholly on submerged lands on the Outer Continental Shelf within the meaning of 43 U.S.C. § 1331(a). The submerged lands covered by the lease lie seaward and outside the area of lands beneath navigable waters as defined in 43 U.S.C. § 1301. The lease covers submerged lands of which the subsoil and seabed appertain to the United States, constitute a federal enclave, and are subject to its jurisdiction and control.

12. Judge Carl Barbier, presiding over the Deepwater Horizon multidistrict litigation, has declared in an Order that the federal courts have original jurisdiction over the litigation that arises out of the Deepwater Horizon incident pursuant to OCSLA's jurisdictional grant, regardless of whether allegations under OCSLA are specifically raised in the petition. *See* 43 U.S.C. § 1349(b)(1); *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 10-MD-2179, R. Doc. 470, "Order," p. 8.

13. This Court therefore has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1), as previously recognized by Judge Barbier of this Court: "Plaintiff's theory of liability is based on Defendants' alleged negligent actions during the drilling and exploration operation. These facts clearly satisfy the 'but-for' test because the oil and other contaminants would not have entered into the State of Louisiana's territorial waters 'but for' Defendants' drilling and exploration operation. Accordingly, it is clear that original jurisdiction rests with this Court pursuant to § 1349(b)(1). " (Rec. Doc. 470, p. 8.)

**28 U.S.C. § 1331 Provides An Independent Alternative Basis For Removal.**

14. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted arise under a federal statute, namely, the Outer Continental Shelf Lands

Act, 43 U.S.C. § 1331, *et seq*. *See, e.g., Rodrigue v. Aetna Cas. & Surety Co.*, 395 U.S. 352 (1969) (recognizing the original federal jurisdiction exercised pursuant to OCSLA); *Texaco Exploration & Prod. v. AmClyde Engineered Products Co., Inc.*, 448 F.3d 760, 771 (5th Cir. 5/5/06) (same). Claims arising under federal law such as OCSLA are removable pursuant to § 1331 without regard for the citizenship of the parties or the amount in controversy. 28 U.S.C. §§ 1331, 1441(b).

    15. Although the Plaintiff attempts, through artful pleading, to cast his claims as state law claims, his claims are cognizable, if at all, only through federal law, and not through state law.

    16. This matter is therefore removable under 28 U.S.C. § 1441 in that it is a civil action over which the United States District Court for the Eastern District of Louisiana has original subject matter jurisdiction under 28 U.S.C. § 1331 and 43 U.S.C. § 1349.

**OPA Provides a Basis for Removal**

    17. In addition, Plaintiff's claims arise out of an oil spill on federal property in international waters. These claims, and the damages sought by Plaintiff, clearly fall within the ambit of the Oil Pollution Act of 1990 (OPA) – which constitutes "comprehensive legislation to address oil spill liability and compensation." *Gabarick v. Laurin Maritime (America) Inc.*, 623 F.Supp.2d 741, 744 (E.D.La. 2009); 23 U.S.C. §§ 2701, *et seq*. OPA is the intended to be the exclusive federal law governing oil spills. *South Port Marine, LLC v. Gulf Oil Limited Partnership*, 234 F.3d 58, 65 (1st Cir. 2000). The provisions of OPA are mandatory and exclusive. *Gabarick*, 623 F.Supp.2d at 745. All claims for removal costs or damages covered by OPA must be brought under OPA. *Id.*; 33 U.S.C. § 2713. Plaintiffs cannot avoid the OPA by

1055061v.1

artful pleading.  Original jurisdiction of claims within the reach of the OPA lies with the federal courts notwithstanding the citizenship of the parties or the amount in controversy.  33 U.S.C. § 2717(b).  Accordingly, removal is also proper pursuant to OPA.

**Venue is Proper in this Court.**

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the District Court for the Eastern District of Louisiana is the district court for the district within which the State Court Action is pending.

**Effectuation Of Removal.**

19. Cameron hereby removes this matter to the United States District Court for the Eastern District of Louisiana.

20. By filing this Notice of Removal, Cameron expressly consents to the removal.  The Plaintiff's Petition expressly requested that service be withheld, and Cameron certifies that, upon information and belief, no other defendants have been served.  Therefore, their consent is not necessary to the filing of this Notice of Removal.  *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir.1988).

21. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

22. Cameron reserves the right to submit additional evidence in support of removal as appropriate in future circumstances.

23. By virtue of this Notice of Removal, Cameron does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure, including contesting jurisdiction and service.

1055061v.1

24. Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the Civil District Court for the Parish of Orleans, State of Louisiana.  Also, pursuant to 28 U.S.C. § 1446(d), Cameron is providing written notice of the filing of this Notice of Removal to all adverse parties.

WHEREFORE, Cameron hereby removes this action to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

David J. Beck, T.A.
  dbeck@brsfirm.com
Joe W. Redden, Jr.
  jredden@brsfirm.com
David W. Jones
  djones@brsfirm.com
Geoffrey Gannaway
  ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX 77010
Phone: (713) 951-3700
Fax: (713) 951-3720

and

1055061v.1

        */s/ Phillip A. Wittmann*
        Phillip A. Wittmann, 13625
          *pwittmann@stonepigman.com*
        Carmelite S. Bertaut, 3054
          *cbertaut@stonepigman.com*
        Keith B. Hall, 24444
          *khall@stonepigman.com*
        Jared Davidson, 32419
          *jdavidson@stonepigman.com*
        STONE PIGMAN WALTHER WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana 70130
        Phone: 504-581-3200
        Fax: 504-581-3361

        *Attorneys for Cameron International Corporation*

**CERTIFICATE OF SERVICE**

      I certify that, on May 4, 2011, a copy of the foregoing Notice of Removal was served on all parties or counsel of record by placing a copy of same in the United States mail, postage paid and properly addressed.

        */s/ Phillip A. Wittmann*